The Honorable Jon S. Fitch State Senator Route One Hindsville, AR 72738
Dear Senator Fitch:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act, which is codified at A.C.A.25-19-101, et seq. You have asked four specific questions in this regard which are restated and answered in the order presented.
First, are all documents presented to a school board in regular session by the superintendent subject to public access? The answer to your question is a qualified yes.
A.C.A. 25-19-103(1) defines public records as:
 . . . writings, recorded sounds, films, tapes, or data compilations in any form, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
Presumably, then, any record presented to the school board by the superintendent would be a public record.
However, A.C.A. 25-19-105(b) (Supp. 1987) exempts from public inspection and copying certain records. Should the records presented to the board fall into one of the exempt categories, the records should be shielded from public review. A copy of this Code provision is attached for your inspection.
Second, can a patron be denied access to a copy of such documents? No, unless the record is exempt under the above-referenced statute.
Third, can a school board discuss matters other than personnel in an executive session? The answer to your question is no. A.C.A.25-19-106(c)(1) states:
 Executive sessions will be permitted only for the purpose of considering the employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.
The above language is clear. Only the cited issues relating to personnel may be discussed in an executive session. Any discussion relating to issues outside the specified topics may be considered a violation of the Act.
Fourth, can a school board routinely go into executive session with all principals and assistant principals present? The answer to your final question is no.
A.C.A. 25-19-106(c)(2)(A) states:
 Only the person holding the top administrative position in the public agency, department, or office involved, the immediate supervisor of the employee involved; and the employee may be present at the executive session when so requested by the governing body, board, commission, or other public body holding the executive session.
Based on the above language, only the subject of the executive session, his or her immediate supervisor, and the superintendent as the top administrator of the agency could be present, if invited, at the executive session conducted by a school board. Under the circumstances you pose, an assistant principal would have to be the subject of the executive session in order for it to be proper.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.